# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CASE NO. 5:14-CR-00195 |
| | ) | |
| Plaintiff, | ) | JUDGE DONALD C. NUGENT |
| v. | ) | |
| | ) | |
| SHELDON W. HILL, | ) | **MEMORANDUM OPINION** |
| | ) | **AND ORDER** |
| Defendant. | ) | |

This matter is before the Court on Defendant's Motion for Sentence Reduction Pursuant to the First Step Act and 18 U.S.C. § 3582(c)(1)(A) (ECF #64). The United States Attorney opposes the request. (ECF #68). Under the terms of the First Step Act, 18 U.S.C. § 3582(c)(1)(A), inmates may now file a request with the court to modify an imposed term of imprisonment for "extraordinary and compelling reasons." Prior to taking such action, however, an inmate is required to request that the Director of the Bureau of Prisons ("BOP") file a motion on his behalf, and to "fully exhaust[] all administrative rights to appeal a failure of the BOP to bring a motion." Administrative rights are exhausted when the warden refuses to recommend that the BOP file a compassionate release motion with the court, and the prisoner appeals the denial using the BOP's Administrative Remedy program. Program Statement 1330.18; 28 C.F.R. 542(B), or if there has been a "lapse of 30 days from the receipt of such a request by the warden of the defendant's facility."

The Sixth Circuit has read this to mean that "[p]risoners who seek compassionate release have the option to take their claim to federal court within 30 days, no matter the appeals available to them." *United States v. Alam*, 2020 U.S. App. LEXIS 17321, *7 (6th Cir. June 2, 2020).

1

Although he may not have fully exhausted his administrative appeal rights, thirty days has passed since the Defendant filed his request with the Warden. Following the interpretation set forth by the Sixth Circuit in *Alam*, the Court will presume the exhaustion requirement has been met and address the motion on its merits.

Even if the Defendant has exhausted his administrative rights, however, he has not provided evidence to show that he is experiencing sufficiently "extraordinary and compelling reasons," as defined by the U.S. Sentencing Commission, to justify Compassionate Release. 18 U.S.C. §3582(c)(1)(A)(I). The Court recognizes that the COVID-19 pandemic is an extraordinary event that affects everyone in our society. The Court is also sympathetic to the increased risk of exposure and illness that prisoners. However, the Defendant has not demonstrated that his individual circumstances place him at a substantially higher risk compared to other similarly situated people.

The Bureau of Prisons has been taking affirmative actions to reduce the risk of spread and to treat any affected individuals. Although he has some relatively common health issues, including diabetes, sleep apnea, morbid obesity, hypertension, and an enlarged prostate, these conditions are treatable and can be controlled. Further, he is not of an age that creates an unusual vulnerability to the virus. In short, nothing in Defendant's case presents an extraordinary and compelling reason for reduction of his sentence when considering the great number of people both in and out of prison who are facing these same challenges.

Further, Defendant has not demonstrated that he is no longer a danger to the community as would be required under U.S.S.G. § 1B1.13(2). Defendant plead guilty to a charge of bank robbery after robbing a Huntington Bank in Canton, Ohio on April 11, 2014. He has an extensive criminal history, including theft, disorderly conduct, wildlife violation, burglary and robbery. During the

course of a robbery he committed at age 38, he punched a police offer who attempted to apprehend him for the theft. At age 44 and 45, he was convicted of petty theft and at age 46, Defendant robbed a bank while under the influence of crack cocaine, which resulted in the instant case. Defendant has offered no evidence that would reassure the Court he is no longer a danger to the community given his crime history.

The Court finds that Defendant has not provided the Court with sufficient evidence that would support a finding of extraordinary and compelling reasons for early release. For these reasons, the Defendant's Motion for Reduction of Sentence is DENIED. (ECF #64).

IT IS SO ORDERED.

_____
DONALD C. NUGENT
Senior United States District Judge

DATED: September 8, 2020