UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | Case No. 5:14 CR 195 |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | ORDER |
| | ) | |
| | ) | |
| SHELDON W. HILL, | ) | |
| | ) | |
| Defendant. | ) | |

This matter is before the Court on Defendant's Motion for Reduction in Sentence Under 18 U.S.C. §3582(c)(1)(A)(I) and U.S.S.G. § 1B1.13. (ECF #81). The Government filed an objection to the request, and Mr. Hill filed a Reply in support. (ECF # 83, 84). Mr. Hill, previously filed two motions for reduction of sentence, and two motions for reconsideration of the denial of those motions. (ECF #48, 52, 64, 75). Each was denied. (ECF #50, 57, 70, 76).

Under the terms of the First Step Act, 18 U.S.C. §3582(c)(1)(A), inmates may file a request with the court to modify an imposed term of imprisonment for "extraordinary and compelling reasons." Prior to taking such action, however, an inmate is required to request that the Director of the Bureau of Prisons ("BOP") file a motion on his behalf, and to "fully exhaust[] all administrative rights to appeal a failure of the BOP to bring a motion." *Id.* Administrative rights are exhausted when the warden refuses to recommend that the BOP file a compassionate release motion with the court, and the prisoner appeals the denial using the BOP's Administrative Remedy program, or if there has been a "lapse of 30 days from the receipt of such a request by the warden of the defendant's facility." Program Statement 1330.18; 28 C.F.R. 542(B), The Sixth Circuit has interpreted this to mean that the exhaustion requirement is satisfied thirty days after a warden receives a request by an

inmate, regardless of whether any administrative appeals are available or have been pursued. *See, United States v. Alam*, 960 F.3d 831 (6th Cir. 2020). Mr. Hill submitted a request for compassionate release to the warden at USP Caanan on November 1, 2023. The request was denied in December of 2023. Therefore, the exhaustion requirement has been met.

Congress authorized courts to consider a defendant's motion for sentence reductions, after considering the factors set forth in 18 U.S.C. §3553(a), if there are "extraordinary and compelling reasons" warranting a reduction and a reduction is "consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. §3582(c)(1)(A)(i). In 2023, the Sentencing Commission amended its policy statement on conditions that qualify as "extraordinary and compelling reasons" to consider a sentence reduction. In doing so, it expanded the provisions related to family circumstances. According to the new version of U.S.S.G. §1B1.13(b)(3), a court should find extraordinary and compelling reasons warranting relief when a defendant would be the only available care giver for an incapacitated parent or immediate family member.

Mr. Hill has provided evidence to show that his mother, Margarety Yoakem, was diagnosed with lung cancer in the fall of 2023. She had surgery to remove the cancer, but it could not be fully removed. She went through radiaiton and chemotherapy and is struggling through recovery. She has since been diagnosed with peripheral vascular disease and has a difficult time walking. To treat this issue, Ms. Yoakem had surgery to unblock her fermoral atery, but due to the damage already done, she had to have a toe removed. Mr. Hill also claims that Ms. Yoakem's husband is ill, and has been hospitalized several times, including having some of his toes surgically removed.

Mr. Hill claims that he is the only person who can care for Ms. Yoakem. Her other son passed away while she was in the hospital. However, he has not presented sufficient evidence for this Court to conclude that Ms. Yoakem and her husband, in combination with any available community resources, are unable to provide for her care. There is no doubt that Ms. Yoakem has

been suffering and that she and her husband have been subject to severe health issues. The Court is not without compassion for their situation. Yet, Mr. Hill has fallen short of showing that he is the only person who could provide necessary care for Ms. Yoakem as she suffers these challenges. Family hardships are unfortunate but not necessary unusual when a family member is incarcerated. However, absent a persuasive showing that an immediate family member has no other available caregiver, they do not rise to the level of "extraordinary and compelling" reasons to consider a sentence reduction under 18 U.S.C. §3582(c)(1)(A)(i).

Further, the Defendant has not demonstrated that he is no longer a danger to the community as would be required under U.S.S.G. §1B1.13(2). Mr. Hill has a long history of committing violent crimes. Although he may not have been classified a career offender if he had been sentenced under today's laws, he did qualify under the laws in place at the time of his sentencing. With or without this designation, his history of violent crimes has not changed. Although he has made strides towards rehabilitation and has submitted laudable letters of support, his behavioral record in prison has not been unmarred. He had several disciplinary matters during the middle years of his incarceration. The remaining sentence is sufficient but not more than necessary to ensure that his sentence is proportional to the crime he committed and in line with his criminal history.

The Court finds that the Defendant has not provided the Court with sufficient evidence at this time that would support a finding of extraordinary and compelling reasons for early release, or that would permit a finding that he would no longer be a danger to the community if he received early release. For these reasons, the Defendant's Motion for Sentence Reduction is DENIED. (ECF #81). IT IS SO ORDERED.

_____
DONALD C. NUGENT
Senior United States District Judge

DATE: April 16, 2024