IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CASE NO. 5:14 CR 195 |
| Plaintiff, | ) | |
| v. | ) | JUDGE DONALD C. NUGENT |
| SHELDON HILL, | ) | |
| Defendant. | ) | **MEMORANDUM OPINION** |

This matter is before the Court on the Motion for Reduction in Sentence Under 18 U.S.C. § 3582(c)(1)(A)(ii) filed by Defendant, Sheldon Hill. (Docket #89.)

**Factual and Procedural Background**

On June 3, 2014, Mr. Hill was charged with one count of Bank robbery. (Docket #1.) Mr. Hill pled guilty and was sentenced to 151 months in prison, to be followed by 3 years supervised release. (Docket #s 14, 15 and 23.) On April 17, 2020, during the COVID-19 pandemic, Mr. Hill moved for compassionate release based on health conditions that increased his risk of serious illness. (Docket #s 48, 52, 58 and 75.) The Court denied his request. (Docket #s 50, 57, 70 and 76.) On March 10, 2024, Mr. Hill moved for compassionate release, requesting release to care for his ill mother. (Docket #81.) The Court denied his request, finding Mr. Hill had failed to establish he was the only available caregiver for his ailing mother. (Docket #85.)

In May 2024, Mr. Hill was transferred to a halfway house in Cleveland. Since his arrival at the halfway house, Mr. Hill has been hospitalized twice – the first with dangerously low blood sugar levels and the second due to dehydration and acute kidney injury – both complications of Type II diabetes. Mr. Hill also suffers from hypertension. Mr. Hill asserts that he is unable to

manage his health conditions while living at the halfway house, alleging that he is not receiving sufficient nutrition/resources to maintain daily minimum glucose levels. (Docket #89 at p. 3.) Mr. Hill states that there is no commissary available; residents are not permitted to bring in outside food; and, that although he has been given a "snack bag" to maintain his blood sugar levels, he has gone days without using his insulin as a result of not receiving sufficient nutrition to maintain daily minimum glucose levels. (Docket #89 at p. 4.) Mr. Hill asks the Court to reduce his sentence to time served and impose an additional term of supervision with whatever conditions the Court feels appropriate, noting the limited amount of time he has left to serve and the documented proof of his rehabilitation – including the fact that he has remained incident free, completed reentry programming and obtained employment.

Mr. Hill filed his Motion for Reduction in Sentence on August 15, 2024. On August 20, 2024, the United States filed a Response Brief, indicating that due to Mr. Hill's health condition; the difficulties he is encountering at the halfway house in caring for his health needs; the short amount of time left on his term of imprisonment; and, the medical records provided by Mr. Hill in support of his Motion, the Government has no objection to his motion for compassionate release.

**Discussion**

In order to justify compassionate release a court, "after considering the factors set forth in 18 U.S.C. §3553(a), must determine: (1) that extraordinary and compelling reasons warrant a sentence reduction; (2) that the defendant is not a danger to the safety of any other person or to the community as provided in 18 U.S.C. §3142(g); and, (3) that the reduction is consistent with the USSG's policy statement in §1B1.13. A "compassionate release decision is discretionary, not mandatory." *United States v. Curry*, 606 F.3d 323, 330 (6th Cir. 2010).

Mr. Hill's medical conditions (diabetes and hypertension) prevent him providing self-care

within the specific conditions of his assigned halfway house and he requires specialized care that is not being provided by his designated facility. This has been evidenced by the medical records submitted, and by his need for multiple hospitalizations caused by his inability, despite his best efforts, to regulate his conditions. These circumstances create "extraordinary and compelling" circumstances warranting a reduction under United States Sentencing Guidelines § 1B1.13(b)(1)(B)(i) and (C). Mr. Hill has also demonstrated that he no longer poses a danger to the community. He has served the majority of his sentence; has, in recent years, had a clean discipline record; and has adjusted well to life in a re-entry program. He is employed and, despite his health issues, has shown that he has been a productive and diligent employee and is ready to live a responsible life in the community. The §3553 factors also weigh in favor of release. As the government has acknowledged, although Mr. Hill's criminal conduct was serious, he has served the vast majority of his sentence, has demonstrated sincere efforts toward rehabilitation, and has health issues that cannot be properly managed in the facility where he is currently housed.

## Conclusion

For the reasons stated above, the Motion for Reduction in Sentence Under 18 U.S.C. § 3582(c)(1)(A)(ii) (Docket #89) filed by Defendant, Sheldon Hill, is hereby GRANTED. Mr. Hill's sentence is reduced to time served. He shall be released following the submission of a release plan approved by the United States Probation Department.

IT IS SO ORDERED.

_____
DONALD C. NUGENT
United States District Judge

DATED: August 23, 2024